UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:10-CV-146-BO

| ANTHONY LYNN ROBINSON, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | ORDER |
| THE BLADEN COUNTY SHERIFF DEPARTMENT, STEPHEN BUNN, SHERIFF ELECT AND JOSEPH (J. R.) HATCHER, in their official and individual capacities, | ) | |
| Defendants. | ) | |

This matter is before the Court on Defendants' Partial Motion to Dismiss pursuant to Rules 12(b)(2), 12(b)(6), 17 and 19 of the Federal Rules of Civil Procedure. For the reasons set forth below, Defendants' motion is GRANTED.

## INTRODUCTION

Plaintiff's allegations and claims arise from a July 1, 2008 incident in a Courtroom at the Bladen County Courthouse in Elizabethtown, North Carolina. The Plaintiff, a licensed Bail Bondsman, entered the Courtroom to check on the status of a bond-related Motion. Plaintiff alleges that he entered the gated area near the front of the Courtroom where the Clerk and other Officers of the Court were located. Plaintiff claims that this was a permissible practice for Bail Bondsmen and allowed by the Court prior to July 1, 2008.

Plaintiff alleges that Defendant Hatcher told him that he could not enter the gated area and stated to the Plaintiff that "he was no better than anyone else." When Plaintiff attempted to

turn and leave the Courtroom, Hatcher, Plaintiff claims, assaulted him by shoving him in the back three times.

Plaintiff alleges that he neither resisted Hatcher nor refused to comply with his instructions. Plaintiff further contends that as he left the Courtroom and began walking down an adjacent hallway, Hatcher pushed the Plaintiff against a wall. Plaintiff claims that Hatcher, without probable cause, placed the Plaintiff under arrest and charged the Plaintiff with the crimes of Assault on a Governmental Official and Resisting and/or Delaying a Public Officer.

Plaintiff asserts that prior to the July 1, 2008 incident, Hatcher "had a history of disciplinary complaints and actions resulting from similar unlawful encounters and confrontations with citizens and/or inmates." Plaintiff claims that Defendants Bunn and the Bladen County Sheriff's Department knew of Hatcher's prior pattern and practice of physical assaults. Plaintiff contends that the inadequate training, supervision and discipline by Bunn and the Department resulted in Hatcher's wrongful actions.

The July 1, 2008 incident was captured by a surveillance camera at the Courthouse. Plaintiff alleges he was given the opportunity to review the videotape on July 2, 2008 and that the tape showed Hatcher shoving the Plaintiff in the back three times in the Courtroom and pushing him against the wall in the adjoining hallway. Plaintiff contends that Sheriff Bunn assured him that Hatcher would be disciplined and that the criminal charges against the Plaintiff would be dismissed.

Plaintiff alleges that, anticipating that the criminal charges against him would be dismissed, he appeared in District Court without Legal Counsel on his Court date; however, to Plaintiff's surprise and dismay, the Court forced him to go forward with the case without the

benefit of Counsel. Although not clearly stated in the Complaint, Plaintiff was, presumably, convicted in District Court.

Plaintiff alleges that he retained Counsel to defend him in the Superior Court matter, and during the discovery process, his Attorney requested a copy of the original surveillance recording from July 1, 2008. Plaintiff alleges that the copy that was provided had been intentionally altered by the Defendants for the alleged purpose of "covering up Deputy Hatcher's misconduct." Plaintiff also contends that his Attorney requested the original recording so that it could be submitted to forensic analysis but he was told by Sheriff Bunn that the original recording device was no longer available. Plaintiff further alleges that the criminal charges lodged against him by Deputy Hatcher were ultimately dismissed, thereby resolving the charges in Plaintiff's favor. Prior to the dismissal of the charges, Plaintiff alleges that the Arrest Warrant was made a public record and that the information contained therein was published in a local newspaper. Plaintiff claims that the allegations in the Warrant were false, defamatory and caused harm to his reputation.

Finally, Plaintiff alleges that Sheriff Bunn and his Department knew or should have known that Deputy Hatcher had "the propensity to be aggressive and exhibit assaultive behavior" and that Sheriff Bunn and the Department were negligent in failing to terminate or take other disciplinary action against the Hatcher.

## DISCUSSION

Defendants invoke Rules 12(b)(2)[1], 12(b)(6), 17 and 19 of the Federal Rules of Civil

---

[1] Defendants move the Court to dismiss Plaintiffs' claims against the Bladen County Sheriff's Department on the basis that this defendant is a non-jural entity that does not have the legal capacity to sue or be sued. Defendants have filed this Partial Motion to Dismiss pursuant to

3

Procedure in support of their motion to dismiss.

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Attain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim to relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). If the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible," the "complaint must be dismissed." *Twombly*, 544 U.S. at 1973.

In ruling on a Rule 12(b)(6) motion, the Court is generally limited to consider the complaint itself. *Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006). If "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). However, the Court may consider materials outside the complaint if the materials are "integral" to the complaint, there is no dispute regarding the authenticity or accuracy of the materials, and there are no disputed issues of

---

Federal Rule of Civil Procedure 12(b)(2). Rule 12(b)(2), however, is the vehicle used by a defendant to argue that the district court does not have personal jurisdiction over the defendant, "which raises a question as to whether the controversy or the defendant has sufficient contacts, ties, or relationships with the forum to give the court the right to exercise judicial power over the defendant-an issue that typically implicates a jurisdictional statute or rule and quite frequently the Due Process Clause of the Constitution as well." 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1351 (3rd ed.2004). Because Defendants are arguing that Plaintiff's claims against the Bladen County Sheriff's Department fail to state a claim (since that entity is a non-jural entity), the proper vehicle for the instant Motion to Dismiss is Rule 12(b)(6), not Rule 12(b)(2).

4

material fact regarding the relevance of the materials. *Id.*

I.  Claims Against Bladen County Sheriff Department

First, Defendants seek to dismiss the claims against the Bladen County Sheriff's Department because that entity does not have the capacity to be sued. Plaintiff does not appear to contest dismissal as to this defendant.

"State law dictates whether a [state] governmental agency has the capacity to be sued in federal court." *Efird v. Riley*, 342 F.Supp.2d 413, 419-20 (M.D.N.C.2004) (citing *Avery v. Burke*, 660 F.2d 111, 113-14 (4th Cir.1981)). For example, N.C. Gen.Stat. § 153A-11 acknowledges that a county is a legal entity which may be sued. However, there is no corresponding statute authorizing suit against a North Carolina county's sheriff's department. Accordingly, the Bladen County Sheriff's Department lacks legal capacity to be sued. *See Efird*, 342 F.Supp.2d at 420 (dismissing claims against county sheriff's department for lack of capacity); *see also Moore v. City of Asheville*, 290 F.Supp.2d 664, 673 (W.D.N.C.2003), aff'd, 396 F.3d 385 (4th Cir.2005) (dismissing claims against city police department for lack of capacity). Defendants' motion to dismiss all claims against the Bladen County Sheriff's Department is granted.

II. Claims Arising Under the North Carolina Constitution

Defendants next seek dismissal of Plaintiff's direct North Carolina Constitutional claims because Plaintiff has alleged adequate claims sounding in tort under North Carolina common law.

A direct claim under the North Carolina Constitution is available only "in the absence of an adequate state remedy." *Craig ex rel. Craig v. New Hanover Cty. Bd. of Educ.*, 185 N.C.App.

5

651, 655, 648 S.E.2d 923, 926 (quotation omitted). An "adequate remedy" means an "available, existing, applicable remedy." *Id.* at 656, 648 S.E.2d at 927 (quotation omitted). For a remedy to be adequate, it must provide plaintiff the same type of relief, such that it "completes his remedies." *See, e.g., City-Wide Asphalt Paving, Inc. v. Alamance County*, 132 N.C.App. 533, 538-39, 513 S.E.2d 335, 339 (1999) (quotation omitted). However, the North Carolina Court of Appeals has held that an adequate state remedy need not be "potentially successful," only "available." *See Craig*, 185 N.C.App. at 656, 648 S.E.2d at 926-27 ("While we agree with plaintiff's contention that such a remedy must, in the end, be fruitless because the state retains immunity to such a claim, we are bound by precedent on this point."); *but see id.* at 657-59, 648 S.E.2d at 927-28 (Bryant, J., concurring in part and dissenting in part) ("A claim pursued under state law that does not have the possibility of succeeding on its own merits as a result of government immunity cannot be deemed 'adequate.' ").

In the instant case, the Plaintiff has asserted a variety of adequate remedies under State law including intentional torts for Assault and Battery, False Arrest, False Imprisonment (Count II); for Civil Conspiracy (Count IV); for Malicious Prosecution (Count V); for Defamation (Count VI); and for Negligent Retention (Count VII). The barrage of claims that Plaintiff alleges can provide an "available, existing, applicable remedy." Accordingly, Plaintiff's direct claims under the North Carolina Constitution are dismissed.

III.  <u>Plaintiff's Defamation Claims</u>

Defendants next contend that Plaintiff has failed to state a claim for defamation (Count VI) since the applicable statute of limitations bars recovery on any such claim. Plaintiff's claims for defamation are based solely on the averments contained in the Arrest Warrant obtained by

Hatcher. The Plaintiff alleges that the information in the Warrant was false, that it defamed the Plaintiff, that it was made a matter of public record and that it was subsequently published in a newspaper.

Under North Carolina law, the statute of limitations for a defamation action (based on either libel or slander) is one year. N.C.G.S. § 1-54(3). The Warrant containing the allegedly slanderous material at issue was issued on July 1, 2008 and filed with the Clerk of Superior Court in Bladen County on July 3, 2008. Assuming that the latter date is when the information contained in the Warrant became a "public record" as alleged in the Plaintiff's Complaint, the Statue of Limitations for that claim would have expired on July 3, 2009. The Plaintiff did not file his Complaint until June 16, 2010, approximately 11 ½ months after the Statute of Limitations had run. Accordingly, Plaintiff's claim for defamation (Count VI) is barred by the statute of limitations and the Plaintiff therefore has failed to state a claim under North Carolina law. Plaintiff's defamation claim must, therefore, be dismissed.

IV.     Plaintiff's Negligence Claims Against Sheriff Bunn Individually

Next, Defendants contend that Plaintiff's negligence claims against Sheriff Bunn for the alleged negligent retention of Deputy Hatcher should be dismissed pursuant to the doctrine of Public Officers Immunity.

According to the Supreme Court of North Carolina, "[i]t is settled law in this jurisdiction that a public official, engaged in the performance of governmental duties involving the exercise of judgment and discretion, may not be held personally liable for mere negligence in respect thereto." *Smith v. Hefner*, 235 N.C. 1, 7, 68 S.E.2d 783, 787 (1952). Sheriff's and their deputies are considered "public officials." *Phillips v. Gray*, 163 N.C.App. 52, 56, 592 S.E.2d 229, 232,

7

*rev. denied*, 358 N.C. 545, 599 S.E.2d 406 (2004). Sheriff Bunn was acting as a public official when the events that gave rise to his alleged negligence occurred. Accordingly, the negligent retention claim against the Sheriff in his individual capacity must be dismissed.

V.  Plaintiff's State Law Claims Against Defendants in their Official Capacities

Finally, Defendants request the Court to dismiss Plaintiff's State Law claims against the Defendants in their official capacities. Defendants contend that dismissal is required under the doctrine of sovereign immunity. Defendants assert that because the Plaintiff has failed to allege a waiver of sovereign immunity and has failed to join the Surety as a necessary party, the defendants are shielded from liability in their official capacities.

Under North Carolina law, "[t]he doctrine of sovereign immunity bars actions against public officials sued in their official capacities." *Beck v. City of Durham*, 154 N.C.App. 221, 229, 573 S.E.2d 183, 190 (2002). Sheriffs and deputy sheriffs are considered public officials for purposes of sovereign immunity. *Summey v. Barker*, 142 N.C.App. 688, 691, 544 S.E.2d 262, 265 (2001). Accordingly, "[a] Plaintiff bringing claims against a governmental entity and its employees acting in their official capacities must allege and prove that the officials have *waived* their sovereign immunity or otherwise consented to suit; by failing to do so, the Plaintiff fails to state a cognizable claim against either the official or the governmental entity." *Sellers v. Rodriguez*, 149 N.C.App. 619, 623, 561 S.E.2d 336, 339 (2002).

In North Carolina, there are two ways a Sheriff can waive sovereign immunity: through the purchase of liability insurance under N.C. Gen. Stat. § 153A-435 or through the purchase of a Surety Bond under N.C. Gen. Stat. § 58-76-5. *See Smith v. Phillips*, 117 N.C.App. 378, 383, 451 S.E.2d 309, 313 (1994).

In the case at bar, the Plaintiff has failed to allege a waiver through either of these methods. Moreover, to the extent a waiver is alleged under N.C. Gen. Stat. § 58-76-5, the party asserting the waiver *must* join the surety as a necessary party. See *Sellers*, 149 N.C.App.at 624, 561 S.E.2d at 339. No such joinder has occurred in the present case. Accordingly, Plaintiff's claims against the Defendants in their official capacities are dismissed.

## CONCLUSION

Based on the foregoing, the Defendants' Partial Motion to Dismiss is GRANTED.

SO ORDERED.

This the 12 day of October, 2010.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE